JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02588-RGK-SK | Date | April 13, 2021 |
|---|---|---|---|
| Title | *Sammy Ciling v. Ducati North America, Inc., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff: Attorneys Present for Defendant:

Not Present     Not Present

**Proceedings:**     **(IN CHAMBERS) Order Remanding Action to State Court**

## I.     INTRODUCTION

On February 22, 2021, Plaintiff Sammy Ciling ("Plaintiff") filed a Complaint against Defendants Ducati North America, Inc. ("DNA" or "Defendant") and Wheels In Motion, Inc. alleging violations of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301 *et seq.*) and the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*). Plaintiff's allegations arise from the purchase of a 2019 Ducati Panigale.

On March 26, 2021, DNA removed the action to this Court on federal question and diversity jurisdiction grounds. Upon review of the Notice of Removal, the Court determines that Defendant has failed to plausibly allege that the minimum amount in controversy is satisfied, and therefore remands the action to the state court from which it was removed.

## II.     DISCUSSION

### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, a district court shall have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." A federal question claim brought under the Magnuson-Moss Warranty Act also requires that the amount in controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02588-RGK-SK | Date | April 13, 2021 |
|---|---|---|---|
| Title | *Sammy Ciling v. Ducati North America, Inc., et al* | | |

Here, Plaintiff seeks restitution for all money paid, incidental and consequential damages, reasonable costs and attorneys' fees, pre-judgment interest and civil penalties. In the Notice of Removal, Defendant alleges that Plaintiff's Magnuson-Moss claim arises out of federal law and that the amount in controversy exceeds $50,000. In support, Defendant states that Plaintiff seeks damages in the order of $44,614.63 (the total cash value of a new 2019 Ducati Panigale), and a civil penalty of $89,229.26 (two times the actual damages).

Defendant, however, fails to plausibly allege that the amount in controversy exceeds $50,000. Plaintiff alleges that he entered into an installment contract for the purchase of the vehicle over time. Plaintiff requests restitution for all money paid to Defendant; yet Defendant fails to indicate an amount of payments made. Additionally, although Defendant asserts that the actual damages alleged is $44,614.63 (the total cash price of the Ducati), this amount does not necessarily reflect the amount in controversy because the value that Plaintiff is entitled to recover is reduced to account for Plaintiff's use of the vehicle. *See Moreno v. GM Co.*, No. 2:09-cv-00602 JWS, 2010 U.S. Dist. LEXIS 3672, at *8–9 (D. Ariz. Jan. 15, 2010) (applying the formula set forth in *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402 (7th Cir. 2004)). Without plausible allegations concerning how much Plaintiff actually paid under the installment contract and Plaintiff's use of the vehicle (such as the number of miles driven), the Court is left with considerable doubt as to the amount in controversy. *See Tokmakova v. Volkswagen Group of Am., Inc.*, 12-cv-04666 SJO, 2012 U.S. Dist. LEXIS 109164, at *7 (C.D. Cal. Aug. 1, 2012).

Plaintiff's request for attorneys' fees and civil penalties are also insufficient to satisfy the amount in controversy. Attorneys' fees are "costs and interests" within the definition of the Magnuson-Moss Warranty Act and are therefore excluded from the amount-in-controversy calculation. *Accord Moreno*, 2010 U.S. Dist. LEXIS 3672, at *3 n.9 (citing *Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1271–72 (11th Cir. 1998) (collecting authorities)). Moreover, while civil penalties are available for *willful* failure to comply with the Song-Beverly Act, Defendant raises no allegation of willfulness which might support such an award.

Accordingly, Defendant's allegations concerning the amount in controversy are speculative and do not support a plausible inference that the amount in controversy meets the jurisdictional requirement in the Magnuson-Moss Warranty Act.

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co. of Reading*, 12-cv-0131 AWI, 2012 U.S. Dist. LEXIS 80651, at *13–17 (E.D. Ca. June 8, 2012). In those cases, the courts have found that attorneys' fees are in the control of

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02588-RGK-SK | Date | April 13, 2021 |
|---|---|---|---|
| Title | *Sammy Ciling v. Ducati North America, Inc., et al* | | |

the client and counsel, and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, C14-214 RAJ, 2014 U.S. Dist. LEXIS 80509, at *10 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion in the amount in controversy.

For the reasons explained above, the Court finds that Defendant has not plausibly alleged that the amount in controversy exceeds $75,000.

## III.     CONCLUSION

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    _____